# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| VYNTRELLA MENZIES | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-363 |
| FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY | SECTION: "C" (5) |

## ORDER AND REASONS[1]

This matter is before the Court on the issue of its subject matter jurisdiction. The Court previously ordered that the parties submit memoranda on the issue of amount in controversy at the time of filing. Rec. Doc. 3. The plaintiff argued that the jurisdictional minimum was satisfied. Rec. Doc. 13. The defendant did not submit a memorandum addressing subject matter jurisdiction, however it did submit an answer to plaintiff's complaint. Rec. Doc. 10. Having considered the record, the plaintiff's memorandum, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

## I. BACKGROUND

The plaintiff homeowner originally filed suit in the Eastern District of Louisiana as part of the mass insurance case of *Aaron et al. v. AIG Centennial Ins. Co.*, Civil Action No. 06-4746, to recover payment for property damage under her insurance policy with Fidelity National Property and Casualty Insurance Company ("Fidelity"). Rec. Doc. 1. The case was consolidated

---

[1] Anna Elsohn, a second year student at Loyola University New Orleans College of Law assisted in the preparation of this opinion.

with the *In Re Katrina Canal Breaches Consolidated Litigation*, 495 F.3d 191 (5th Cir. 2007). Magistrate Judge Wilkinson issued an order requiring the plaintiffs to each file an individual amended complaint asserting claims as to their respective property. The homeowner then filed an individualized amended complaint against Fidelity.[2] Rec. Doc. 1.

At the time of Hurricane Katrina, on August 29, 2005, homeowner Vyntrella Menzies claims she was insured under a Fidelity homeowners' insurance policy which provided coverage to her home located at 7730 Trapier Avenue, New Orleans, Louisiana 70127. Rec. Doc. 1 at 1. She alleged that her property was a single family residence and that it sustained damages in the amount of $600,000, for which she did not provide any affirmative proof. *Id*. The plaintiff alleged that approximately $491,800 of the damage was due to wind damage. *Id*.

The defendant did not submit a memorandum addressing subject matter jurisdiction but did submit an answer to plaintiff's complaint. Rec. Doc. 10. The plaintiff alleges she has received approximately $0 in prior payments from the defendant. Rec. Doc. 13 at 1. The plaintiff also mentioned that she did have flood insurance and that she received approximately $199,000 in flood benefits, though she did not mention from whom those benefits were received. *Id*. The plaintiff also made a claim for penalties. *Id*. Though she did not specifically mention in her amended complaint under which statutes she made a claim for penalties, the plaintiff did include a letter sent by her attorney to the attorneys representing Fidelity. Rec. Doc. 13-2 at 1. In that letter the plaintiff mentioned La. R.S. 22:658 and La. R.S. 22:1220. The plaintiff alleges that this Court has subject matter jurisdiction on the basis of diversity of citizenship. Rec. Doc.

---

[2]Plaintiff's amended complaint, Rec. Doc. 1, is insufficient because it does not specifically address the damage she claims her property sustained. The plaintiff only stated that she adopts, "as if copied *in extenso* all of the allegations of fact and law in the original and supplemental and amended complaint attached." Rec. Doc. 1 at 2.

13.

## II. LAW AND ANALYSIS

Under 28 U.S.C. §1332, federal district courts have original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–citizens of different states..." 28 U.S.C. §1332. Parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 858 (5th Cir. 1999). Rather, the court must independently determine whether or not it has jurisdiction over the parties and the subject matter of the dispute. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The party attempting to invoke jurisdiction must "allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1983), (*cert. denied*, 459 U.S. 1107 (1938)). The courts have further instructed that a jurisdictional determination must be conducted in such a manner as to enable an appellate court to ascertain whether the evidence supports the ultimate finding. *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658 (5th Cir. 1971).

Because the domicile of neither the plaintiff nor the defendant is disputed, and the parties are completely diverse for the purposes of diversity jurisdiction,[3] Rec. Doc. 1 at 1, the sole issue in this case is whether there is, in fact, over $75,000 in controversy between the parties. The majority of Fifth Circuit cases concerning amounts in controversy deal with cases that were

---

[3] Plaintiff is domiciled in Louisiana. Rec. Doc. 1 at 1. Fidelity is a foreign corporation. *Id*. Therefore, the parties are completely diverse for the purposes of diversity jurisdiction.

removed from state to federal court. The Fifth Circuit has, however, applied the same principles and procedures to matters over which the federal court does have original jurisdiction. *See St. Paul Reinsurance Co. Inc. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998) (dealing with an action for declaratory judgment).

In cases that are removed from state court to federal court, the removing party must be able to show by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 295 (5th Cir. 1999). The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the *facts* in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original). In *Allen*, the court explained that if this "facially apparent" test has not been met, the court may instead require that the parties show "summary judgment-type evidence" regarding the amount in controversy. *Id*. The burden of proving that the minimum jurisdictional amount has been satisfied is on the party invoking the court's jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178 (1936). In this case, therefore, that burden falls on the plaintiff.

Furthermore, in cases concerning insurance policies, the relevant inquiry to determine the amount in controversy is the damage to the property at the time the initial complaint is filed, not the insurance policy limits or the value of the property. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002). Accordingly, in this case the plaintiff's damage estimate, and not the policy limits, controls. Parties would need to provide evidence implicating the limits of the

4

policy, damage assessments, or repair estimates. *Fernandez v. Allstate Ins. Co.*, 2008 WL 314405 (E.D.La. 2008).

In her memorandum addressing subject matter jurisdiction, the plaintiff does not mention her policy limits, nor does she include a copy of her insurance policy. Rec. Doc. 13. She provided her own estimate of damages–approximately $600,000, of which she alleged approximately $491,800 was due to wind damage. Rec. Doc. 13 at 1. She did not provide any affirmative proof detailing the damage she claims her property sustained. She stated that she has received approximately $0 in prior payments. *Id*. Plaintiff stated that she did have flood insurance and received $199,000 in flood benefits. Rec. Doc. 13 at 1. Plaintiff attached a copy of a letter written by her attorney to the attorneys representing Fidelity, showing the amount for which she made a formal demand. Rec. Doc. 13-2 at 1. She demanded a total of $491,800.04. *Id*. That amount included $159,038.09 for the dwelling, $186,361.94 for contents, $21,950.00 When ascertaining whether it has jurisdiction, "'the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Global Group,* 541 U.S. 567, 570 (2004) (*quoting Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824). "[F]or purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint and is not reevaluated based on post-filing events." *Hall v. Earthlink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005) (*referring to St. Paul Mercury Indemnity Co.*, 303 U.S. at 289-90) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."). Plaintiff's demand letter was issued in 2008, after the filing of

the original complaint in this matter in 2006, and therefore constitutes a post-filing event.[4] In any event, without affirmative proof of the damage that the plaintiff claims her property sustained, however, it is impossible to determine how much remains in controversy between the parties.

Finally, plaintiff made a claim for penalties. In her letter to Fidelity, the plaintiff mentioned La. R.S. 22:658 and La. R.S. 22:1220. *Id*. at 1, 2. Simply stating that she may be entitled to penalties is not enough. The plaintiff would have needed to present actual facts indicating the propriety of such penalties and indicating why she is actually entitled to those penalties. *Thompson v. Allstate Ins. Co.*, 2007 WL 763219 (E.D.La. March 18, 2007). The statutes spell out the insurer's duty of good faith and fair dealing as well as the insurer's affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims. They also require findings of fact. La. R.S. 22:658 and La. R.S. 22:1220. Neither party has provided facts relevant to the allocation of penalties. In *St. Paul Reinsurance Co.*, the Fifth Circuit held that a statutory penalty that required no adjudication could be used to establish threshold jurisdiction, *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998), but they did not hold that any claim for statutory penalties that would raise the amount in controversy above the jurisdictional minimum would suffice. The plaintiff may be entitled to penalties, but the Louisiana statute details six specific actions that constitute a "breach," and the "breach" must be demonstrated with actual evidence. The plaintiff has not provided evidence demonstrating the "arbitrary and capricious" nature of the defendant's acts.

---

[4]The Court understands that the process devised in these matters with regard to allowance of amended complaints, instead of dismissals, sought to avoid any issues as to prescription. Accordingly, the Court relies on the original filing date as relevant herein.

6

Neither party has demonstrated that the amount in controversy exceeds the required minimum of $75,000. Therefore, this Court does not have subject matter jurisdiction over this action.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that plaintiff's complaint is hereby DISMISSED for lack of subject matter jurisdiction under 28 U.S.C. §1332.

New Orleans, Louisiana this 2nd day of July, 2009.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**